UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| **Davae M. Boyersmith,** | : | Case #18-23116 (JAD) |
| | : | |
| Debtors. | : | Chapter 7 |

| | | |
|---|---|---|
| UNITED STATES TRUSTEE, | : | |
| | | HEARING DATE AND TIME: |
| Movant, | : | **December 18, 2018 @ 10:00 a.m.** |
| **v.** | : | |
| | : | Response Date: |
| Davae M. Boyersmith, | : | November 30, 2018 |
| | : | |
| Respondent. | : | |

**MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. Sec. 707(b)(3)
BY THE UNITED STATES TRUSTEE**

The United States trustee for Region 3, ("UST") by and through the undersigned counsel, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. Section 586(a), moves for the entry of an order dismissing this case pursuant to 11 U.S.C. § 707(b)(3). In support of the Motion, the UST represents as follows:

*Preliminary*

1. Davae M. Boyersmith, ("Debtor"), commenced this case by filing a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code on August 3, 2018.

2. The time to file an objection to discharge and/or a motion under Sec. 707(b)(3) is November 9, 2018, making the within Motion timely filed.

3. On August 3, 2018, the Debtor filed Schedules under penalty of perjury, (Docket #1), indicating:

    a.  Debtor's obligations were primarily consumer debts, (Petition at Docket #1);

    b.  General unsecured debts totaling $55,365.89, (Schedule F, Docket #1);

    c.  Gross monthly income of $5,166.67 and net monthly income of $3,286.67 after deductions of $400.00 for retirement account contributions and $120.00 for repayment of retirement account loan.  (Schedule I at Docket # 1).

    e.  Monthly expenses totaling $3,258.86, leaving a $27.81 surplus, (Schedule J at Docket # 1).

*Section 707(b)(3) totality of circumstances*

4.    Section 707(b)(1) provides that the court "may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts . . . if it finds that granting relief would be an abuse of the provisions of [Chapter 7].

5.    Section 707(b)(3) of the Bankruptcy Code provides in pertinent part that:

> In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in paragraph (A)(I) does not arise or is rebutted, the court shall consider-
>     (A) whether the debtor filed the petition in bad faith; or
>     (B) the totality of the circumstances . . . of the debtor's financial situation demonstrates abuse.

6.    The courts that have looked at the "totality of the circumstances"   (See *In re Green*, 934 F. 2d 568, ibid., *In re Krohn*, 886 F.2d 123, (6th Cir. 1989); *In re Walton*, 866 F.2d 981, (8th Cir. 1989); *In re Kelly*, 841 F.2d 908, (9th Cir.  1988)) include among the factors considered (in addition to ability to pay debts) are whether the debtor enjoys a stable source of future income, whether the debtor is eligible for adjustment of debts through a chapter 13, and whether the debtor's expenses can be reduced significantly without depriving the debtor of adequate food, clothing, shelter and other **necessities,** whether the bankruptcy petition was filed

because of sudden illness, calamity, disability or employment, whether the debtor made consumer purchases far in excess of his ability to pay, whether the debtor's budget is excessive or unreasonable, whether the debtor's schedules and statements of current income and expenditures reasonably and accurately reflect the debtor's true financial condition, whether the bankruptcy was filed in bad faith, whether the debtor has engaged in "eve of bankruptcy purchases," and whether there are state remedies with the potential to ease the debtor's financial predicament.

7. The Third Circuit in particular held that that loan repayments to Debtor's own retirement account should be considered as debtor's contributions to his retirement account, and should not be deducted from disposable income under section 1325. *See Anes v. Dehart (In re Anes),* 195 F.3d 177, 180 (3d Cir. 1999). Lower Courts have accordingly held that despite repayment of retirement loans being mandatory such loan repayments should not be considered as an allowable expense in a chapter 7. *In re Lenton,* 358 B.R. 651 (Bnkr. E.D. Pa 2006).

8. It is therefore averred based upon the foregoing that after adding back in the retirement account contributions, ($400.00), the retirement account loan repayment. ($120.00), and the surplus (27.00), Debtor has a significant surplus of approximately $547.00 per month from which the Debtors could fund a chapter 13 plan, and pay $19,692.00 over a 36 month plan (35% of unsecured claims) or $32,820 over a 60 month plan (59% of unsecured claims).

WHEREFORE, for the reasons set forth above, the UST respectfully submits that this case is constitutes an abuse under section 707(b)(3) and of requests that the Court dismiss this case or grant such other relief as this Court deems equitable and just. The UST

reserves the right to supplement this Motion based upon additionally discovered information

prior to or at the time set for the hearing thereon.

November 8, 2018

ANDREW R. VARA
Acting United States trustee
Region 3

By: */s/ George M. Conway*
George M. Conway
PA Bar ID 26676
Trial Attorney
833 Chestnut Street, Suite 500
Philadelphia, Pennsylvania  19107
Telephone: (215) 597-4411
Email:  george.m.conway@usdoj.gov
Facsimile:  (215) 597-8418